UNITED STATES of America,
Plaintiff–Appellee,

v.

Abel CASAREZ–BRAVO, Defendant–
Appellant.

No. 98–50450.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 1999.

Filed June 22, 1999.

Steven F. Hubachek, Federal Defenders of San Diego, Inc., San Diego, California, Nancy G. Kendall, San Diego, California, for the defendant-appellant.

Paul C. Johnson, Jr., Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

Before: BROWNING, THOMAS and WARDLAW, Circuit Judges.

THOMAS, Circuit Judge:

Abel Casarez–Bravo claims that the district court improperly sentenced him as a career offender under the United States Sentencing Guidelines based on non-qualifying predicate convictions under California law for "sale/transportation of marijuana." We agree and vacate the sentence imposed by the district court.

I

Border patrol officers arrested Casarez–Bravo in Jacumba, California, after they discovered that the jeep he was driving contained 443 pounds of marijuana. He was subsequently indicted for possession of marijuana with intent to distribute under 21 U.S.C. § 841(a)(1), and pled guilty to the charge without entering into a plea agreement.

The United States Probation Officer recommended in his Pre–Sentence Report that Casarez–Bravo be sentenced to between 210–262 months. The probation officer concluded that Casarez–Bravo's total offense level would have been twenty-two in the absence of the career offender provision, with a criminal history score of six. This range normally would have subjected him to a sentence of between 51–63 months. However, without making specific findings, the probation officer recommended that the district court sentence Casarez–Bravo as a career offender pursuant to Sentencing Guideline § 4B1.1, presumably based on at least two of the following offenses:

- In 1986, Casarez–Bravo pled guilty to a charge of sale/transportation of marijuana under California Health and Safety Code § 11360(a). He was sentenced to three years of probation and served fifty-five days in jail (hereinafter "1986 conviction").

- In 1988, Casarez–Bravo was charged with two counts of sale/transportation of marijuana under section 11360, and in 1996, pled guilty to the first count. He was sentenced to three years of probation and served twelve days in jail (hereinafter "1988 conviction").

● In 1996, Casarez–Bravo pled guilty to a charge of sale/transportation of marijuana under section 11360(a). He was sentenced to three years of probation and 180 days in jail (hereinafter "1996 conviction").

Thus, based on his determination that Casarez–Bravo was a career offender, the probation officer raised Casarez–Bravo's criminal history category to a "VI," and the recommended guideline range became 210–262 months (between 17 and 21 years).

Casarez–Bravo, through his counsel, objected to the findings of the Pre–Sentence Report. He noted that imposition of the career offender provision would increase his sentencing range from 51–63 months to 210–262 months, a four-fold increase. Casarez–Bravo argued that the district court should depart from the guideline range because: (1) he challenged the factual basis of the predicate convictions, and (2) the career offender range grossly over-represented the nature and extent of his criminal history.

At the sentencing hearing, the district court recited the three offenses listed in the Pre–Sentence Report and then sentenced Casarez–Bravo to 210 months in prison as a career offender. At no time did Casarez–Bravo specifically argue that his prior convictions did not legally qualify as predicate convictions.

## II

■ We review the district court's determination that Casarez–Bravo was a career offender *de novo*. *See United States v. Weinert*, 1 F.3d 889, 890 (9th Cir.1993). Because Casarez–Bravo failed to raise his objection before the district court, we review for plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Perez*, 116 F.3d 840, 845–46 (9th Cir.1997) (en banc).

In order to sentence an individual under the career offender provision of the Sentencing Guidelines, three criteria must be met: (1) the offender must have been at least eighteen years old at the time (s)he

committed the instant offense, (2) the instant offense must be a felony that is either a crime of violence or a controlled substance offense, and (3) the offender must have at least two prior felony convictions for a crime of violence or a controlled substance offense. *See* U.S.S.G. § 4B1.1. Casarez–Bravo alleges that he did not have the requisite felony convictions for a crime of violence or a controlled substance offense.

### A

■ Casarez–Bravo's 1986 conviction does not qualify as a predicate conviction because it was not counted in his criminal history score under § 4A1.1. *See* U.S.S.G. § 4B1.2(c) & application note 3. In order to qualify as a "prior felony conviction" under § 4B1.1, the guidelines require that the conviction must have been "counted" separately under Sentencing Guideline § 4A1.1(a), (b), or (c) as part of the criminal history score. *See id.* § 4B1.2(c).

The 1986 conviction was not counted in Casarez–Bravo's Pre–Sentence Report under either § 4A1.1(a), (b), or (c). Presumably, it was not counted under § 4A1.1(a) because subsection (a) does not include prior convictions when the sentence of imprisonment was less than one year and a month. *See id.* § 4A1.1(a). Subsection (b) likewise does not include convictions when the sentence of imprisonment was under sixty days and the conviction was older than ten years. *See id.* § 4A1.1(b) & application note 2. Finally, subsection (c) includes all other convictions not already included unless the sentence was imposed more than ten years from the commencement of the instant offense. *See id.* § 4A1.1(c) & application note 3. Regardless of the rationale, because the 1986 conviction was not counted in Casarez–Bravo's criminal history score, it cannot count as a predicate conviction under the career offender provision. *See id.* § 4B1.2(c) & application note 3. Thus, the district court erred by including this offense when it

sentenced Casarez–Bravo as a career offender.

## B

Although the 1986 conviction did not qualify as a predicate conviction, the district court only needed to find two qualifying predicate convictions for Casarez–Bravo to be considered a career criminal under the Sentencing Guidelines. Thus, we must decide whether Casarez–Bravo's 1988 and 1996 convictions qualify as predicate convictions under § 4B1.1.

■■■ "In determining whether a prior conviction supports career offender status, we generally look to the statutory definition of the crime, rather than to the defendant's specific conduct." *United States v. Vea–Gonzales*, 999 F.2d 1326, 1329 (9th Cir.1993) (as amended), *implicitly overruled on other grounds by Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994).[1] In addition to the statutory definition, we may also examine " 'documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes' " such as the indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings. *United States v. Bonat*, 106 F.3d 1472, 1476, 1477 (9th Cir.) (quoting *United States v. Sweeten*, 933 F.2d 765, 769–70 (9th Cir.1991)), *cert. denied*, —— U.S. ——, 118 S.Ct. 192, 139 L.Ed.2d 130 (1997). However, if the statute and the judicially noticeable facts would allow the defendant to be convicted of an offense other than that defined as a qualifying offense by the guidelines, then the conviction does not qualify as a predicate offense. *See Bonat*, 106 F.3d at 1475; *see also United States v. Weekley*, 24 F.3d 1125, 1126–27 (9th Cir.1994) (holding that

the defendant could not be sentenced as a career offender because Washington's attempt statute, under which the defendant had been convicted, proscribed more conduct than was defined in 18 U.S.C. § 924(e)).

■■ Casarez–Bravo's 1996 and 1988 convictions were charged under California Health and Safety Code § 11360(a). At all relevant times, this provision stated:

> Except as otherwise provided by this section or as authorized by law, every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any marijuana shall be punished by imprisonment in the state prison for a period of two, three or four years.

Cal. Health & Safety Code § 11360(a). In comparison, under § 4B1.1, a predicate conviction must be a controlled substance offense, which is defined as:

> [A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*See* U.S.S.G. § 4B1.2(b).

■■ Under California law, a conviction under section 11360 can be based on transportation of marijuana even if the defendant is not guilty of possession of the marijuana. *See People v. Watkins*, 96 Cal. App.2d 74, 214 P.2d 414, 416 (Cal.Ct.App.

---

1. This analysis had its genesis in the categorical approach adopted by the Supreme Court in examining qualifying predicate offenses under the Armed Career Criminal Act and its progeny. *See Taylor v. United States*, 495 U.S. 575, 588–89, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). We have applied *Taylor* 's analytic framework in assessing whether prior convictions can qualify as predicate offenses in determining whether a defendant is to be treated as a career criminal under the Sentencing Guidelines. *See Vea–Gonzales*, 999 F.2d at 1329; *United States v. Young*, 990 F.2d 469, 471 (9th Cir.1993).

1950). In addition, a conviction under section 11360 can be supported by a charge of simple transportation of marijuana for personal use. *See People v. Rogers*, 5 Cal.3d 129, 95 Cal.Rptr. 601, 486 P.2d 129, 132 (Cal.1971) (in bank); *People v. Eastman*, 13 Cal.App.4th 668, 16 Cal.Rptr.2d 608, 612–13 (Ct.App.1993). Because the statutory definition of section 11360(a) and California case law permit a conviction to be based on transportation of marijuana for personal use, a defendant could be convicted under section 11360(a) without committing one of the qualifying controlled substance offenses delineated in § 4B1.1. Thus, reference to the statute under which Casarez–Bravo was convicted cannot justify using either the 1988 or 1996 convictions as a basis for a career criminal finding.

The government did not tender any additional judicially noticeable facts to prove that the 1988 or 1996 convictions qualified. The Pre–Sentence Report-the only document in the record-contains no information on the 1988 conviction. It simply notes that Casarez–Bravo pled guilty to "sale/transportation of marijuana" pursuant to section 11360 and that "[t]he arrest report in the above case was no longer available. Also, no probation report was prepared. Therefore, details of the offense are unknown." The Report notes that Casarez stated he was not guilty of the offense and that he "pled guilty because he wanted to get out of jail and go back to work."

In short, neither the statute under which Casarez–Bravo was convicted in 1988, nor any proper judicially noticeable facts pertaining to that offense justify its inclusion as a "controlled substance offense" under § 4B1.1. Because neither the 1986 nor 1988 convictions qualify as predicate offenses, the district court erred in determining that Casarez–Bravo was a career criminal under the Sentencing Guidelines.

### III

Because Casarez–Bravo did not object to being sentenced under the career

offender provision before the district court, we must subject his claim to a plain error analysis. *See* Fed.R.Crim.P. 52(b). Plain error is: (1) error, (2) that is plain, (3) and affects substantial rights. *See Perez*, 116 F.3d at 846. The error in this case is evident from an examination of the record, the statute, and the guidelines. A sentencing error affects substantial rights when it subjects an individual to an increased sentence. *See United States v. Velez*, 168 F.3d 1137, 1140 n. 4 (9th Cir.1999). In this case, the error caused Casarez–Bravo's sentence to be increased four-fold. Thus, he is entitled to relief even under a plain error analysis.

We vacate the sentence and remand for resentencing with instructions that Casarez–Bravo not be sentenced as a career criminal under the Sentencing Guidelines.

**REVERSED AND REMANDED FOR RESENTENCING.**