**Cesar ANTEZANA–COTA, aka Cesar Antezana, Petitioner,**

v.

**John ASHCROFT \*, Attorney General, Respondent.**

No. 99–71282.

INS No. A36–789–782.

United States Court of Appeals, Ninth Circuit.

Submitted May 18, 2001 \*\*.

Decided May 22, 2001.

Before O'SCANNLAIN, TASHIMA and THOMAS, Circuit Judges.

MEMORANDUM \*\*\*

Cesar Antezana–Cota ("Antezana–Cota"), a permanent legal resident of the United States, appeals from the Board of Immigration Appeal's ("BIA") decision affirming the immigration judge's Order of Removal based on Antezana–Cota's prior conviction for sale/transportation of marijuana in violation of California Health & Safety Code § 11360(a). "Because the issue in this appeal is whether [Antezana–Cota] committed an aggravated felony, and because we have jurisdiction to determine

---

\* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

our own jurisdiction, *see Aragon–Ayon v. INS*, 206 F.3d 847, 849 (9th Cir.2000), the jurisdictional question and the merits collapse into one." *Ye v. INS*, 214 F.3d 1128, 1131 (9th Cir.2000). We conclude we have jurisdiction and grant the petition for review. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

In this case, the Order of Removal was based on Antezana–Cota's prior state conviction for sale or transportation of marijuana under Cal. Health & Safety Code § 11360(a), alleged to be an "aggravated felony" as defined in § 1101(a)(43). The record does not provide the underlying facts of that conviction, including any charging or conviction papers, or the amount of marijuana involved.

The BIA held that a conviction under § 11360(a) qualifies as an "aggravated felony" pursuant to 8 U.S.C. § 1101(a)(43)(B), thereby rendering Antezana–Cota removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). In doing so, the BIA relied on our decision in *U.S. v. Lomas*, 30 F.3d 1191, 1194 (9th Cir.1994), for its conclusion that a violation of § 11360(a) constitutes an "aggravated felony." In its response to Antezana–Cota's petition for review, the INS relied upon *Lomas* and *United States v. Estrada–Torres*, 179 F.3d 776, 781 (9th Cir.1999), *cert. denied*, 531 U.S. 864, 121 S.Ct. 156, 148 L.Ed.2d 104 (2000), for the same proposition.

However, sitting *en banc*, we recently overruled both *Lomas* and *Estrada–Torres* and held that a violation of § 11360(a) does not constitute an "aggravated felony." *United States v. Rivera–Sanchez*, 247 F.3d 905, 909 (9th Cir.2001) (en banc). The basis for our decision was that § 11360(a) criminalizes solicitation which is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). *Id.; see also Leyva–Licea v. INS*, 187 F.3d 1147, 1150 (9th Cir. 1999) (holding, in the immigration context, that a crime of solicitation is not an "aggravated felony" under the Controlled Substances Act.). Under *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), we look "to the fact of conviction and the statutory definition of the prior offense." Under *Taylor*, "[i]f the statute and the judicially noticeable facts would allow the defendant to be convicted of an offense other than that defined as a qualifying offense by the guidelines, then the conviction does not qualify as a predicate offense." *United States v. Casarez–Bravo*, 181 F.3d 1074, 1077 (9th Cir.1999). The *Taylor* categorical analysis applies in analyzing whether crimes constitute "aggravated felonies" under immigration law. *Park v. INS*, 241 F.3d 1186, 1190 (9th Cir.2001); *Ye*, 214 F.3d at 1131.

In this case, "[b]ecause California Health and Safety Code § 11360(a) punishes solicitation, the full range of conduct encompassed by the statute does not constitute an aggravated felony under 8 U.S.C. § 1101(a)(43)(B)." *Rivera–Sanchez*, at 909. Therefore, Antezana–Cota's conviction under § 11360(a) does not facially qualify as an aggravated felony. Further, the record is devoid of any judicially noticeable facts pertaining to the conviction that might provide the basis for a determination that the crime constituted an aggravated felony. Accordingly, we must grant the petition for review and remand for proceedings consistent with this decision.

PETITION GRANTED.