UNITED STATES of America,
Plaintiff–Appellee,

v.

Marco Antonio AVILA, Defendant–
Appellant.

No. 00–10595.

D.C. No. CR–00–00226–RLH.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2001.*

Decided July 11, 2001.

---

* The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

646

Before KOZINSKI, T.G. NELSON, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Marco Antonio Avila appeals his thirty-month sentence imposed following his guilty plea conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we vacate and remand.

Avila contends, and the government correctly concedes, that the district court erred by enhancing his sentence sixteen

levels based on a prior conviction which was not an aggravated felony. Because Avila did not raise this argument in the district court, we review for plain error. *United States v. Casarez–Bravo,* 181 F.3d 1074, 1078 (9th Cir.1999). We have previously determined that being an accessory after the fact is not a crime of violence even if the underlying crime was violent. *United States v. Innie,* 7 F.3d 840, 850–52 (9th Cir.1993). Avila's prior conviction for accessory to assault with a deadly weapon is not distinguishable from the offense in *Innie.* His prior conviction therefore is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) and 18 U.S.C. § 16. *See Innie,* 7 F.3d at 850–52. This error is plain. *See Casarez–Bravo,* 181 F.3d at 1078. Because Avila was erroneously subjected to an increased sentence, his substantial rights were affected, and we agree that he is entitled to resentencing.[1] *See id.*

Avila next contends that under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the existence and nature of a prior felony conviction used to enhance his sentence must be charged in the indictment and proved beyond a reasonable doubt. Avila's argument is foreclosed by our decisions in *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2000) (applying plain error review), *cert. denied,* —— U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001) and *United States v. Arellano–Rivera,* 244 F.3d 1119, 1127 (9th Cir.2001) (applying de novo review).[2]

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Because we hold that Avila's prior felony conviction was not a crime of violence, we need not reach his argument that his prior conviction was not an aggravated felony because he was not sentenced to a term of imprisonment of at least one year for a crime

of violence. *Cf. Alberto–Gonzalez v. Immigration and Naturalization Service,* 215 F.3d 906, 909–10 (9th Cir.2000).

2. In light of our disposition, we do not reach Avila's contention that his case should be remanded for the district court to correct the judgment by striking any reference to 8 U.S.C. § 1326(b). *But see United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000).

The mandate shall issue forthwith. Fed. R.App. P. 41(b) and Cir. R. 41–1.

VACATED AND REMANDED FOR RESENTENCING.