**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Frank ZAMORA, Sr., Defendant–
Appellant.**

No. 00–50518.
D.C. No. CR–00–00236–JNK.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2001 *.

Decided July 23, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KOZINSKI, T.G. NELSON and TALLMAN, Circuit Judges.

MEMORANDUM **

Frank Zamora, Sr. appeals his 77–month sentence imposed following a plea of guilty to three separate counts of possession and distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *United States v. Casarez–Bravo*, 181 F.3d 1074, 1076 (9th Cir.1999), and we affirm.

Zamora contends that his prior conviction for the sale of marijuana does not constitute a predicate offense for purposes of the career offender enhancement, because the documents on which the Government relies do not show he was convicted of a "controlled substance offense" as defined by U.S.S.G. § 4B1.2(b). This contention fails because the California complaint and guilty plea, initialed by Zamora and signed by his attorney, reliably establish that the prior conviction for selling marijuana to an undercover officer constitutes a predicate offense. *See Casarez–Bravo*, 181 F.3d at 1077–78 (recognizing that conviction under Cal. Health & Safety Code § 11360(a) does not in and of itself constitute a controlled substance offense, in the absence of judicially noticeable evidence that conviction is based on conduct specified in U.S.S.G. § 4B1.1); *United States v. Sweeten*, 933 F.2d 765, 769–70 (9th Cir.1991) (holding that district court may refer to charging paper and guilty plea in determining whether prior conviction constitutes a predicate offense).

Zamora further contends that grand theft from a person under California Penal Code § 487(c) does not qualify as a "crime of violence" under U.S.S.G. § 4B1.2(a) because, under California law, physical contact between the victim and perpetrator is not necessary to establish a violation of § 487(c). This contention lacks merit because § 4B1.2(a)(2) does not require physical contact, so long as the conduct presents a serious potential risk of physical injury to another. *See United States v. Wofford*, 122 F.3d 787, 793 (9th Cir.1997) (recognizing inherent risk of confrontation and physical injury during commission of grand theft under § 487).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.
* The panel unanimously finds this case suitable