**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Luis Ernesto MENDOZA–GARCIA, Defendant—Appellant.**

No. 01–50158.
D.C. No. CR–97–01591–IEG.

United States Court of Appeals, Ninth Circuit.

Dec. 17, 2001.*

Decided Jan. 2, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, TROTT and PAEZ, Circuit Judges.

MEMORANDUM **

Luis Ernesto Mendoza–Garcia appeals his 77–month sentence imposed following a guilty plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Mendoza–Garcia contends the district court erred by imposing an aggravated felony enhancement pursuant to Sentencing Guidelines § 2L1.2(b)(1)(A) because his prior felony conviction for violating Cal. Health and Safety Code § 11352(a) is not an aggravated felony in light of our decision in *United States v. Rivera–Sanchez*, 247 F.3d 905, 909 (9th Cir.2001) (en banc). We review for plain error because Mendoza–Garcia failed to raise this issue in the district court. *See United States v. Casarez–Bravo*, 181 F.3d 1074, 1076 (9th Cir. 1999).

■ In *Rivera–Sanchez*, we overruled our decision in *United States v. Lomas*, 30 F.3d 1191 (9th Cir.1994), which held that a conviction under Cal. Health and Safety Code § 11352(a) is an aggravated felony. *Rivera–Sanchez*, 247 F.3d at 909 (concluding that convictions under Cal. Health and Safety Code §§ 11360(a) and 11352(a) do not facially constitute aggravated felonies because the statutes criminalize solicitation). We also stated, however, that if a conviction does not facially constitute an

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

aggravated felony, "the next step in the [ ] analysis is to determine whether other judicially noticeable facts exist in the record that would prove such qualification." *Id.; see also Casarez–Bravo,* 181 F.3d at 1077 (stating that under the two-step "categorical" approach established in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), a court can examine "documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes[,] such as the indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings.") (citation omitted).

[2] Based on our review of the record, we conclude that Mendoza–Garcia's conviction qualified as an aggravated felony. The district court here relied on information contained in the presentence report, which Mendoza–Garcia neither challenged nor offered any evidence to contradict. Moreover, Mendoza–Garcia's counsel, in fact, conceded at the sentencing hearing that the conviction was an aggravated felony. *See United States v. Durham,* 995 F.2d 936, 938–39 (9th Cir.1993) (concluding that upward departure was properly supported by presentence report based on police records related to arrests that were processed and became convictions); *United States v. Marin–Cuevas,* 147 F.3d 889, 895 (9th Cir.1998) (concluding that a presentence report containing information from computerized criminal history bore sufficient indicia of reliability for criminal history points); *see also United States v. Romero–Rendon,* 220 F.3d 1159, 1164 (9th Cir.2000).

The district court therefore did not err when it enhanced Mendoza–Garcia's con-

viction pursuant to § 2L1.2(b)(1)(A) based on his prior conviction.

**AFFIRMED.**