UNITED STATES of America, Plaintiff—Appellee,

v.

Manuel RODRIGUEZ–LOPEZ, Defendant—Appellant.

No. 00–50527.

D.C. No. CR–99–3474–JM.

United States Court of Appeals, Ninth Circuit.

Submitted July 13, 2001.*

Decided Nov. 19, 2002.

R.App. P. 34(a)(2).

Before RYMER and RAWLINSON, Circuit Judges, and RESTANI, Judge.**

MEMORANDUM ***

We affirmed Rodriguez–Lopez's sentence in an unpublished memorandum decision of August 1, 2001, which relied upon *United States v. Corona–Sanchez*, 234 F.3d 449, 455 (9th Cir.2000) *("Corona–Sanchez I")* (holding that an alien's prior conviction under California law for a theft offense qualified as an aggravated felony for the purposes of an illegal reentry sentence enhancement). The relevant portion of *Corona–Sanchez I*, which recognized the defendant's "theft offense" as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(G) (1994 & Supp.1996) for federal sentencing purposes, was later vacated. *United States v. Corona–Sanchez*, 291 F.3d 1201, 1213 (9th Cir.2002) (en banc) *("Corona–Sanchez II")*. Accordingly, on September 6, 2002, we granted Rodriguez–Lopez's petition for rehearing. Upon rehearing, we vacate our prior opinion.

Because Rodriguez–Lopez's deportation was found to be on account of an "aggravated felony" under the United States Sentencing Guidelines, his sentence as an alien remaining in or reentering the United States after deportation under 8 U.S.C. § 1326 (1994 & Supp.1996) was significantly enhanced. *See* U.S.S.G. § 2L1.2(b)(1)(A) (2000). Rodriquez–Lopez's prior crime was grand theft auto under Cal.Penal Code § 487(3) (1989). Section 487 is a subdivision of the general crime of theft as defined in Cal.Penal Code § 484(a). *Corona–Sanchez II*, 291 F.3d at 1206–07.[1] Section 487 does not define a separate crime. *People v. Sanders III*, 67 Cal.App.4th 1403, 1411, 79 Cal.Rptr.2d 806 (1998) ("[Section 487] merely establishes the threshold for the category of theft known as *grand* theft.").

---

** Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Section 484(a) defines theft in general. Sections 486 through 488 divide theft into categories. Section 486 states, Theft is divided into two degrees, the first of which is termed grand theft; the second, petty theft." Section 487 then describes certain circumstances in which theft will constitute grand theft, such as when the value of the stolen item exceeds $400. Section 488 explains that "[t]heft in other cases is petty theft."

*Corona–Sanchez II,* 291 F.3d at 1206–07.

*Corona–Sanchez II* held that for sentencing enhancement purposes, a "theft offense" which fits the generic sense of that term as used in the criminal codes of most states, and for which the term of imprisonment is at least one year, will be considered an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(G). *Corona Sanchez II*, 291 F.3d at 1205.

*Corona–Sanchez II* further held, with particular relevance to the matter at hand, that Cal.Penal Code § 484(a) is broader than the generic crime of theft, in that it includes aiding and abetting of theft. *Corona Sanchez II*, 291 F.3d at 1207–08. Aiding and abetting a grand theft will sustain a conviction under § 487(3). *See, e.g., People v. Orr*, 43 Cal.App.3d 666, 671, 117 Cal.Rptr. 738 (1974) (evidence sufficient to sustain conviction for grand theft of a bovine animal under § 487(3) on theory that defendant was either a direct principal in the theft or was an aider and abettor). Relying on *People v. Coffelt*, 140 Cal.App. 444, 35 P.2d 374 (1934), *Corona–Sanchez II* also found significant the fact that § 484 allows a conviction for theft when the defendant has neither taken, nor exercised control over, the property. *Corona–Sanchez II*, 291 F.3d at 1207. As *Coffelt* explicitly involved the offense of grand theft, Corona–Sanchez II's analysis applies here.

Thus, the statutory definition of the theft crime of which Rodriguez–Lopez was convicted does not suffice to demonstrate that Rodriguez–Lopez was convicted of a "theft offense" for federal sentencing purposes. Further, under the categorical approach of *Taylor v. United States*, we do not look to underlying facts. 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (holding that, pursuant to 18 U.S.C.A. § 924(e), a court determining whether a defendant was convicted of a crime within the meaning of the statute providing a sentence enhancement may not look to the particular facts underlying the conviction). Even under a modified categorical approach, *see United States v. Rivera–Sanchez*, 247 F.3d 905, 908 (9th Cir.2001) (en banc),[2] nothing in the record unequivocally establishes that the crime Rodriguez–Lopez committed was within the generic definition of the crime of theft.

For these reasons, we reverse the sentence and remand for resentencing in accordance herewith.

---

**2.** In *Rivera–Sanchez,* we recognized a modified approach allowing the consideration of certain facts if the conviction is a predicate for enhancement.

> *Taylor* also permits courts "to go beyond the mere fact of conviction in a narrow range of cases." 495 U.S. at 602, 110 S.Ct. 2143. When a statute "reaches both conduct that would constitute a crime of violence and conduct that would not," *Ye v. INS*, 214 F.3d 1128, 1133 (9th Cir.2000), we have interpreted Taylor's edict to include examination of "documentation or judicially noticeable facts that clearly estab-

lish that the conviction is a predicate conviction for enhancement purposes[,] such as the indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings," [*United States v. Casarez-Bravo*, 181 F.3d 1074, 1077 (9th Cir.1999) ]. "However, if the statute and the judicially noticeable facts would allow the defendant to be convicted of an offense other than that defined as a qualifying offense by the guidelines, then the conviction does not qualify as a predicate offense." *Id.*
*Rivera–Sanchez*, 247 F.3d at 908.