UNITED STATES of America,
Plaintiff—Appellee,

v.

Felizardo ESCARCEGA–DURAN,
Defendant—Appellant.

No. 03–10272.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 2004.

Decided April 23, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 337 F.3d 1148 (9th Cir.2003).

Robert A. Bork, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Anne R. Traum, Esq., Federal Public Defender'S Office, for Defendant–Appellant.

Before: FERGUSON, REINHARDT, and PAEZ, Circuit Judges.

## MEMORANDUM *

Escarcega–Duran appeals the sentence imposed following his guilty plea to unlawful reentry of a deported alien, a violation of 8 U.S.C. § 1326.

In 1999, Duran pled guilty to transporting an alien "for commercial advantage or private financial gain," a violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (B)(i). At the time of sentencing for his subsequent 2002 illegal reentry conviction, Duran's offense level was increased 16 levels, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(vii), based on this prior conviction for an "alien smuggling offense committed for profit."

On appeal before this Court, Duran argues for the first time that his 1999 conviction for transporting an alien "for commercial advantage or private financial gain" does not qualify as an "alien smuggling offense committed for profit," and accordingly, that the district court erred in applying the 16–level enhancement.[1] Duran also asserts that the enhancement of his sentence for illegal reentry based on a prior aggravated felony that was neither charged in the indictment nor admitted by him violates the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We AFFIRM.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because Duran never challenged the use of his prior conviction to enhance his sentence, we review for plain error. *United States v. Casarez–Bravo*, 181 F.3d 1074, 1076 (9th Cir. 1999).

## I

■ Duran asserts that his sentence should not have been enhanced under § 2L1.2(b)(1)(A)(vii) based on his 1999 violation of § 1324(a)(1)(A)(ii),(B)(i), because, under the "categorical" approach set forth in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the statute of conviction is broader than the definition of an alien smuggling offense contained in the pertinent sentencing provision. Specifically, Duran contends that the term "committed for profit," under § 2L1.2(b)(1)(A)(vii), means committed *for payment,* whereas "commercial advantage or private financial gain," under § 1324(a)(1)(B)(i), could include acts done in lieu of payment for a non-monetary commercial benefit or to benefit oneself financially in the future.

We need not determine whether, under *Taylor,* the "full range of conduct" covered by the statute of conviction falls within the meaning of the federal sentencing provision. *Taylor,* 495 U.S. at 594, 110 S.Ct. 2143. Even assuming the statute is overbroad, here, under the "modified" categorical approach "the record unequivocally establishes" that Duran was convicted of the requisite predicate offense. *United States v. Corona–Sanchez,* 291 F.3d 1201, 1211 (9th Cir.2002) (en banc). In particular, the Judgment of Conviction for the 1999 offense establishes that Duran was, in fact, convicted of "Transportation of an Illegal Alien, Aiding and Abetting," under § 1324(a)(1)(A)(ii), (B)(i), and his signed plea agreement for this violation further states, in relevant part:

> The defendant, Felizardo Escarcega–Duran, admitted to *being hired* to help drive the truck with illegal aliens to Chicago. The person that *was going to pay him* was Ramon Raucho ...

. . . . .

C. The defendant submits he should receive a decrease of 3 levels due to his mitigating role in the offense, pursuant to 3B1.2 of the Sentencing guidelines; to wit: the defendant *received a small amount of money for his role ...*

*See Rivera–Sanchez,* 247 F.3d at 908 (listing these two forms of documentation among those that a court may consider when applying the "modified" categorical approach).

Accordingly, we hold that Duran's 1999 conviction constitutes an act "committed for profit" for purposes of section 2L1.2(b)(1)(A)(vii) because, under the "modified" categorical approach, the record clearly establishes that Duran pled guilty to aiding and abetting in the transportation of an illegal alien for payment.

## II

■ Duran also contends that the district court erred in imposing a sentence under § 1326(b)(2), because the prior aggravated felony was neither charged in the indictment nor admitted by him. Bound by *United States v. Pacheco–Zepeda,* 234 F.3d 411, 413–14 (9th Cir.2000), we conclude that a district court may increase a sentence under § 1326(b)(2) based on a prior aggravated felony conviction, even though such conduct has not been charged in the indictment and proved beyond a reasonable doubt.

## IV

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.