UNITED STATES of America,
Plaintiff–Appellee,

v.

James David NEWSOME,
Defendant–Appellant.

No. 03–50235.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2005.

Decided June 24, 2005.

Ronald L. Cheng, Esq., Office of the U.S. Attorney, Los Angeles, CA, Robb C. Adkins, Esq., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Sung B. Park, Esq., Van Nuys, CA, for Defendant–Appellant.

Before: BRUNETTI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM *

James David Newsome appeals his conviction and sentence of 294 months for

* This disposition is not appropriate for publica- tion and may not be cited to or by the courts

aiding and abetting a bank robbery. We have jurisdiction under 28 U.S.C. § 1291. We affirm Newsome's conviction and remand in accordance with *United States v. Ameline,* 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc).

 Newsome argues that his initial detention was illegal. We disagree. The officers had a detailed description of Newsome's vehicle, including the full license plate number, and a description of the driver that substantially fit Newsome. This vehicle was seen leaving the scene of a bank robbery with dye-pack powder emanating from it. The totality of the circumstances gave rise to a "reasonable suspicion based upon articulable facts" that Newsome was involved in criminal activity, and his detention was, therefore, lawful. *See United States v. Summers,* 268 F.3d 683, 686 (9th Cir.2001).

Newsome also argues that he was unjustifiably frisked. Because of Newsome's reasonably suspected participation in an armed robbery, it was reasonable for the officers to conclude that he might possess a weapon. *See United States v. $109,179 in U.S. Currency,* 228 F.3d 1080, 1086 (9th Cir.2000). As a result, we agree with the district court that the officers were justified in conducting a pat-down. *Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Furthermore, the district court did not clearly err or abuse its discretion in ruling that Newsome's subsequent consent to the search of his pockets was voluntary. *See United States v. Morning,* 64 F.3d 531, 533 (9th Cir.1995).

 Newsome argues that he was arrested without probable cause in that the police officers surrounded his car with their guns drawn and handcuffed him *before* he had been identified by the witness. The use of force does not convert an initial

detention into an arrest if it is under circumstances justifying an officer's fear for his or her personal safety. *United States v. Alvarez,* 899 F.2d 833, 838 (9th Cir. 1990). To determine the reasonableness of the length of a detention, we consider the law enforcement purposes served by the detention and the time reasonably needed to effectuate those purposes. *United States v. Sharpe,* 470 U.S. 675, 685, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985). Here, Newsome's detention while awaiting an eyewitness identification was reasonable under the circumstances and did not convert the detention into an arrest. *See United States v. Bautista,* 684 F.2d 1286, 1289–90 (9th Cir.1982).

 Next, Newsome challenges the witness's pretrial identification of him at the scene. The witness was explicitly told that she did not have to identify the suspect. The witness also had a clear opportunity to see Newsome after the crime was committed, gave a detailed description of his appearance to the police, was taken to identify him within hours of the crime, and confidently identified him after the officers placed him in lighting similar to that in which she originally saw him. *See United States v. Jones,* 84 F.3d 1206, 1209–10 (9th Cir.1996). The district court did not err in ruling that the identification procedure employed was not "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *United States v. Carbajal,* 956 F.2d 924, 929 (9th Cir.1992) (internal quotation marks and citation omitted).

Finally, Newsome challenges the district court's enhancement of his sentence subsequent to its determination that he was a career offender under the Sentencing Guidelines. We grant a "limited remand"

of this circuit except as provided by Ninth Circuit Rule 36–3.

pursuant to *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

AFFIRMED AND REMANDED.

**REMANDED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.