**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Rasford MUIRS, aka; Sonny, Gasford Muirs, Allen Brown, Clive Johnson, Remford Lewis, Cleve Reed, Oliver Reid, Clive Townsend, Sonny Townsend, Glendon Wilson, Defendant—Appellant.**

No. 04–10191.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 18, 2005.

Decided Aug. 12, 2005.

Steven Paul Logan, USPX–Office of The U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

George F. Klink, Esq., Phoenix, AZ, for Defendant–Appellant.

Before: HAWKINS, MCKEOWN, and CLIFTON, Circuit Judges.

## MEMORANDUM *

■ Rasford Muirs was convicted of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841 and 846. Muirs argues his conviction must be reversed because the government denied him due process by impeding his access to testifying co-conspirators. The claim that government conduct is so outrageous it violates due process is reviewed de novo. *United States v. Gurolla*, 333 F.3d 944, 950 (9th Cir.2003). Although we have recognized that government interference with defense access to witnesses implicates due process, *see, e.g., United States v. Mendez–Rodriguez*, 450 F.2d 1, 5 (9th Cir.1971) (finding a due process violation where the government deported several witnesses), it will not serve as grounds for reversal in the absence of evidence of prejudice, *United States v. Cook*, 608 F.2d 1175, 1182 (9th Cir.1979), *overruled on other grounds by Luce v. United States*, 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). Because Muirs failed to establish prejudice, we affirm his conviction.

■ Muirs also challenges his sentence. He argues the district court erred in classifying him as a career offender, a determination we review de novo. *United States v. Casarez–Bravo*, 181 F.3d 1074, 1076 (9th Cir.1999). District court factual findings are reviewed for clear error. *United States v. Riley*, 335 F.3d 919, 925 (9th Cir.2003). The district court erred in concluding the government needed to prove its case by clear and convincing evidence. Although Muirs' sentence was substantially enhanced, much of the enhancement does not implicate due process

because it was based on the quantity of drugs attributable to Muirs due to the extent of the conspiracy. *United States v. Rosacker*, 314 F.3d 422, 430 (9th Cir.2002). Once this portion of the enhancement is discounted, it becomes apparent that the balance of the enhancement is not of a type that has triggered a heightened standard in the past. *Cf. United States v. Mezas de Jesus*, 217 F.3d 638, 642–43 (9th Cir.2000) (explaining that "when a sentencing factor has an extremely disproportionate effect n the sentence relative to the offense of conviction . . . a higher standard of proof may be required" (internal quotation marks and citation omitted)). The appropriate standard is the preponderance standard. *See United States v. Munoz*, 233 F.3d 1117, 1126–27 (9th Cir.2000).

We are troubled by the government's reliance on nothing more than hearsay testimony in the form of a fax from the FBI stating that the fingerprints from the Michigan conviction matched those it had on file for Muirs. Reliance on such evidence is especially disturbing since the only person to testify about the fingerprint evidence did not know the name or qualifications of the person who made the fingerprint match, how the master fingerprint card was derived, how many prints were used to make a match, or how many points of identification were found between the prints. However, under the preponderance standard, there is no reversible error under the circumstances of this case.

Additionally, the district court did not err in concluding that Muirs' 1995 conviction in Arizona was for a controlled substance offense within the meaning of United States Sentencing Guideline § 4B1.1.

We remand to the district court for consideration of the sentence in accordance

---

**210**

with *United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir.2005) (en banc). *See also United States v. Moreno–Hernandez*, 2005 WL 1560269, at *9 (9th Cir. July 5, 2005).

AFFIRMED in part; REMANDED in part.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.