**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James David NEWSOME,**
**Defendant–Appellant.**

No. 06–50079.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 9, 2007.*

Filed Feb. 23, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Gary P. Burcham, Esq., San Diego, CA, for Defendant–Appellant.

Before: T.G. NELSON, SILER,[**] and HAWKINS, Circuit Judges.

## MEMORANDUM [***]

James David Newsome ("Newsome") appeals his sentence, untouched on a limited remand pursuant to *United States v. Ameline* 409 F.3d 1073 (9th Cir.2005) (en banc). We have jurisdiction under 28 U.S.C. § 1291. Because we conclude that: (1) Newsome had no constitutional or statutory right to allocution during the limited remand, *United States v. Silva*, 472 F.3d 683, 689 (9th Cir.2007), (2) the district court did not err in its application of the career offender enhancement under United States Sentencing Guideline ("U.S.S.G.") § 4B1.1, as implicitly held by our prior panel, and (3) Newsome's sentence is reasonable, we affirm.

Although our prior panel did not explicitly address Newsome's challenge to the district court's application of the career offender enhancement prior to ordering an *Ameline* remand, *see United States v.*

*Newsome*, 137 Fed.Appx. 65, 66–67 (9th Cir.2005), its imposition of a limited *Ameline* remand—as opposed to a full resentencing—implicitly affirmed the application and we agree. Newsome suggests the available record did not adequately establish that he had two qualifying career offender predicate offenses. Newsome failed to object to the district court's application at the time of sentencing, so our review is for plain error. *See* Fed. R.Crim.P. 52(b); *United States v. Casarez–Bravo*, 181 F.3d 1074, 1076 (9th Cir. 1999).

Although Newsome's uncontested presentence report ("PSR") may be ambiguous with respect to Newsome's 1993 conviction[1] insofar as it lists a qualifying offense (Bank Robbery, 18 U.S.C. § 2113(a)) in the "Charge/Agency" column, but fails to specify the offense Newsome was convicted of in the "Date Sentence Imposed/Disposition" column, *cf. United States v. Sandoval–Venegas*, 292 F.3d 1101, 1108–09 (9th Cir.2002), any ambiguity is resolved by Newsome's certified judgment of conviction for this offense contained in the record, which clearly establishes that Newsome pled guilty to "armed robbery of a bank and unarmed robbery of a bank in violation of 18 USC 2113(a) [&] (d) and 18 USC 2113(a)."[2] Because conviction under 18 U.S.C. § 2113(a) is categorically a crime of violence for career offender purposes, *see United States v. Selfa*, 918 F.2d 749, 751

---

[**] The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Newsome does not challenge the use of his 1984 bank robbery conviction as a predicate offense for career offender purposes.

2. The record contains additional evidence concerning Newsome's 1993 conviction—in-

cluding Newsome's attorney's representations in open court and/or in pretrial motions that Newsome had suffered two prior bank robbery convictions and that "Newsome's prior convictions for bank robbery are the same as the instant charges [18 U.S.C. § 2113]"—the sufficiency of which we need not, and do not, decide in light of the unambiguous certified judgment of conviction contained in the record.

(9th Cir.1990), and all other prerequisites were met, the district court did not err in applying the career offender enhancement under U.S.S.G. § 4B1.1.[3]

■ Our "reasonableness" review of a district court's determination—on *Ameline* remand—that it would have imposed the same sentence under an advisory Guidelines system "[is not] the same as the reasonableness review we conduct on post-*Booker* sentences." *United States v. Combs*, 470 F.3d 1294, 1296 (9th Cir.2006). Rather, it is limited to determining "[w]hether the district judge properly understood the full scope of his discretion in a post-*Booker* world." *Id.* at 1297.

Under this restricted scope of review, Newsome's sentence is reasonable because the district judge clearly understood the full scope of her sentencing discretion, specifically noting the advisory nature of the Guidelines and adopting the government's arguments referencing the court's "authority to depart from the pertinent range." *See id.* at 1297.[4]

**AFFIRMED.**

---

3. Even if we were to assume the district court erred in relying on Newsome's partly ambiguous PSR to apply the career offender enhancement, in light of the abundant evidence on the record establishing that Newsome had suffered two prior qualifying convictions, the forfeited error did not affect the fairness, integrity, or public reputation of judicial proceedings and, on plain error review, we would decline to notice it. *See Johnson v. United States*, 520 U.S. 461, 469–70, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *Ameline*, 409 F.3d at 1078.

4. Even though the mandate in *Combs* has yet to issue, we find it unnecessary to postpone our decision here because even under a full post-*Booker* reasonableness review, Newsome's overall sentence is reasonable in light

of the 18 U.S.C. § 3553(a) factors. *See United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir.2006). As noted above, the district court did not err in applying the career offender enhancement. In addition, on remand, the court properly considered the § 3553(a) factors, ultimately concluding that Newsome's sentence was warranted in light of his lengthy criminal history and the need to provide adequate deterrence, promote respect for the law, and reflect the seriousness of the offense. Finally, the court properly acknowledged Newsome's potentially mitigating circumstances, but concluded they did not warrant a materially different sentence.

