**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Weince BAILEY, Defendant–Appellant.**

**No. 97–10240.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 1998.

Decided March 17, 1998.

David G. Alvarez, Assistant Federal Public Defender, Phoenix, Arizona, for defendant-appellant.

Michael T. Morrissey, Assistant U.S. Attorney, Phoenix, Arizona, for plaintiff-appellee.

Before: SCHROEDER, FARRIS, and TASHIMA, Circuit Judges.

SCHROEDER, Circuit Judge:

Weince Bailey appeals the sentence imposed following his conviction at a jury trial on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He contends that his prior Arizona conviction of endangerment did not qualify as a crime of violence and that for this reason the court erred in sentencing him at a base offense level of 24 rather than 20. We affirm because the statutory elements of the Arizona endangerment statute are nearly identical to the federal Guideline definition of a crime of violence.

The base offense level for the crime of conviction depends upon the nature of the defendant's prior convictions. *See* U.S.S.G. § 2K2.1. Bailey's presentence report recommended an offense level of 24, because it concluded that Bailey had two prior convictions for crimes of violence. *See* U.S.S.G. § 2K2.1(a)(2). Bailey's prior felonies were a conviction for burglary and a conviction under Arizona's endangerment statute, Ariz. Rev.Stat. § 13–1201(A). The actual conduct underlying the endangerment conviction was a stabbing. At sentencing, Bailey argued that endangerment should not qualify as a crime of violence under the Guidelines. The district court rejected this contention and sentenced Bailey to a prison term of 110 months, corresponding to offense level 24. The maximum term under base offense level 20 is 87 months.

This court reviews the district court's interpretation and application of the Sentencing Guidelines de novo. *United States v. Shrestha,* 86 F.3d 935, 938 (9th Cir.1996).

Under the Sentencing Guidelines a crime of violence is

any offense under federal or state law punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

The district court correctly noted that in applying the "crime of violence" provision to

Arizona's endangerment statute, the court must look to the language of the statute and the conduct charged rather than the actual underlying conduct. *See United States v. Young,* 990 F.2d 469, 470 (9th Cir.1993). Therefore, it is not relevant that the defendant was convicted for his role in a violent stabbing. Our consideration must be directed to the terms of the Arizona endangerment statute under which the defendant was charged and convicted. It provides:

> A person commits endangerment by recklessly endangering another person with a substantial risk of imminent death or physical injury.

Ariz.Rev.Stat. § 13–1201(A).

The federal Guideline definition of "crime of violence" in U.S.S.G. § 4B1.2 provides in relevant part that a crime of violence is a crime that "presents a serious potential risk of physical injury to another." This closely tracks the Arizona endangerment statute's description of conduct "endangering another person with a substantial risk of imminent death or physical injury."

The Third and Sixth Circuits have expressly held that similar endangerment statutes are crimes of violence for federal Guideline purposes. *United States v. Rutledge,* 33 F.3d 671, 674 (6th Cir.1994); *United States v. Parson,* 955 F.2d 858, 872 (3d Cir.1992). "[W]here the language of the criminal statute so closely tracks the language of the Guideline that the defendant's conduct necessarily meets the Guideline standard, the district court need look no further than the statute...." *Parson,* 955 F.2d at 872. We agree with those decisions and their reasoning.

Contrary to the appellant's assertion, Arizona's endangerment statute is not "vague." The language is no broader or less certain than that in Guideline § 4B1.2.

AFFIRMED.