Decided Feb. 21, 2001.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Darren NELSON, Defendant–Appellant.**

No. 99–30238.

D.C. No. CR–98–00123–JLQ.

United States Court of Appeals, Ninth Circuit.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

3. Defendants made no appearance before the district court or in this court.

Submitted Feb. 12, 2001.[1].

Decided Feb. 21, 2001.

Before LEAVY, THOMAS and RAWLINSON, Circuit Judges.

## MEMORANDUM [2]

Darren Nelson appeals the 65 month sentence following his conviction for possession of a controlled substance with intent to deliver; conspiracy to distribute a controlled substance; and manufacture of marijuana. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *United States v. Bailey*, 139 F.3d 667, 667 (9th Cir.1998), and we affirm.

Nelson contends that the district court erred by concluding that it could not depart below the five year statutory minimum for possession with intent to distribute a controlled substance without a motion by the government pursuant to 5K1.1. This contention lacks merit as the Su-

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

preme Court has previously determined that in the absence of a motion for downward departure made pursuant to 5K1.1 and 18 U.S.C. § 3553(e), a district court lacks the authority to depart below a statutory minimum. *Melendez v. United States*, 518 U.S. 120, 125–26, 116 S.Ct. 2057, 135 L.Ed.2d 427 (1996).

 Nelson also contends that the district court erred by failing to order the government to file a substantial assistance motion. A district court may only review the government's discretionary decision whether to file a motion for downward departure pursuant to U.S.S.G. § 5K1.1 to ensure that the decision was not based on unconstitutional motives. *United States v. Wade*, 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992) (stating that such motives included racial or religious bias, or retaliation for a defendant's exercise of his constitutional rights). Because Nelson provided no evidence that the government's failure to move for a departure due to substantial assistance was the result of any unconstitutional motive, the district court properly declined to review the government's decision. *See id.*

AFFIRMED.