UNITED STATES of America, Plaintiff–Appellee,

v.

Manuel HERNANDEZ–CASTELLANOS, aka Manuel Francisco Hernandez–Castellanos, Defendant–Appellant.

No. 01–10301.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 2002.

Filed April 25, 2002.

Douglas R. Zanes, Reyna & Zanes, Tucson, AZ, for the defendant-appellant.

Christina M. Cabanillas, Assistant United States Attorney, Tucson, AZ, for the plaintiff-appellee.

Before BEEZER, THOMAS, and W. FLETCHER, Circuit Judges.

THOMAS, Circuit Judge.

Manuel Hernandez–Castellanos appeals the 46–month sentence he received after pleading guilty to illegal reentry in violation of 8 U.S.C. § 1326. He contends that the district court erred in concluding that his prior Arizona conviction for felony endangerment constitutes an aggravated felony and in refusing to depart downward. We lack jurisdiction to review the district court's discretionary decision not to depart downward, but we agree with Hernandez–Castellanos that felony endangerment under Arizona law is not, categorically, an aggravated felony. Accordingly, we reverse in part, dismiss in part, and remand for resentencing.

## I

Hernandez–Castellanos, a citizen of Mexico, was arrested in Arizona and charged with illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). He pled guilty. Over Hernandez–Castellanos's objection, the district court enhanced Hernandez–Castellanos's sentence on the ground that he had been convicted of an aggravated felony prior to being deported. *See* 8 U.S.C. § 1326(b)(2) (increasing the maximum sentence for illegal reentry if the defendant was convicted of an "aggravated felony" prior to being deported); U.S.S.G. § 2L1.2(b)(1)(A) (2000) (providing

for a 16–level increase in illegal reentry's base offense level if the reentry occurred subsequent to an aggravated felony). The district court departed downward by two levels because Hernandez–Castellanos had agreed to reinstatement of removal and participated in fast-track sentencing procedures, but declined to depart downward on other grounds and as far down as Hernandez–Castellanos desired. Hernandez–Castellanos timely appeals. We have jurisdiction under 28 U.S.C. § 1291.

## II

The district court based the aggravated felony enhancement on Hernandez–Castellanos's prior Arizona conviction for felony endangerment. Before he was deported, Hernandez–Castellanos had been arrested in Arizona while driving under the influence of alcohol in an automobile missing its right front tire. His four minor children were passengers in the car. He apparently pled guilty to felony endangerment in violation of Arizona Revised Statutes § 13–1201 and misdemeanor driving under the influence.[1]

■ We review de novo whether this conviction is an aggravated felony. *United States v. Rivera–Sanchez*, 247 F.3d 905, 907 (9th Cir.2001) (en banc). A prior conviction is an aggravated felony for purposes of enhancing an illegal reentry sentence under 8 U.S.C. § 1326(b) if it falls within one of the definitions of "aggravated felony" set forth in 8 U.S.C. § 1101(a)(43). Subsection (F) of § 1101(a)(43) defines "aggravated felony" to include "a crime of violence (as defined

---

1. The presentence report, the only document before the district court, fails to identify the precise statute at issue. However, in response to an objection from Hernandez–Castellanos, the probation officer identified this statute as the statute of conviction. No party offered a contrary citation, and all parties have appealed under that premise. Thus, for the purposes of this appeal and in light of the required remand for resentencing, we assume the statute of conviction to be Arizona Revised Statutes § 13–1201.

in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is][2] at least one year." Section 16 of Title 18, in turn, provides:

The term "crime of violence" means—

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The parties agree that § 16(a) is not applicable to this case. *See State v. Hinchey*, 165 Ariz. 432, 799 P.2d 352, 357 (1990) (holding that endangerment does not "involve, by statutory definition, the use or threat of violence as a necessary element"). Thus, the issue is whether felony endangerment under Arizona law falls within § 16(b).

■ To decide this question, we apply the analytical model set forth by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Under *Taylor*, federal courts do not examine the conduct underlying the prior offense, but "look only to the fact of conviction and the statutory definition of the prior offense." 495 U.S. at 602, 110 S.Ct. 2143. If the statute criminalizes conduct that would not constitute an aggravated felony under federal sentencing law, then the conviction may not be used for sentence enhancement unless the record includes " 'documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes.' " *Rivera–Sanchez*, 247 F.3d at 908 (quoting *United States v.*

*Casarez–Bravo*, 181 F.3d 1074, 1077 (9th Cir.1999)). " '[I]f the statute and the judicially noticeable facts would allow the defendant to be convicted of an offense other than that defined as a qualifying offense by the guidelines, then the conviction does not qualify as a predicate offense.' " *Id.* (quoting *Casarez–Bravo*, 181 F.3d at 1077).

■ Arizona Revised Statutes § 13–1201 provides:

A person commits endangerment by recklessly endangering another person with substantial risk of imminent death or physical injury.... Endangerment involving a substantial risk of imminent death is a class 6 felony.

A felony conviction under this statute requires proof that the "defendant (1) disregarded a substantial risk that his conduct would cause imminent death of a victim (the culpable mental state) and (2) that his conduct did in fact create such a substantial risk as to each victim (the required act)." *State v. Doss*, 192 Ariz. 408, 966 P.2d 1012, 1015 (1998) (emphasis omitted); *see also State v. Garcia*, 141 Ariz. 97, 685 P.2d 734, 740 (1984) ("The elements of endangerment are: (1) recklessly endangering another person, (2) with a substantial risk of imminent death or physical injury.").

We have considered Arizona's endangerment statute on one prior occasion. *See United States v. Bailey*, 139 F.3d 667 (9th Cir.1998). Bailey had been convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *Id.* at 667. The Sentencing Guidelines provide that when determining the base offense level for this crime, the court should consider the nature of the defendant's prior

2. This circuit, along with all others to consider the problem, has held that the verb "is" is missing from the statute and should be read into it. *See Alberto–Gonzalez v. INS*, 215 F.3d 906, 909 n. 6 (9th Cir.2000).

convictions. U.S.S.G. § 2K2.1(a). Certain adjustments are made for prior convictions that are "crime[s] of violence." *Id.* To decide if a prior crime is a "crime of violence" in this context, courts look not to 18 U.S.C. § 16, but to United States Sentencing Guideline 4B1.2(a). *See id.* application note 5. This Guideline provides in part that a crime of violence is a felony that "involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). In *Bailey,* we held that Arizona's endangerment statute qualified as a crime of violence under this definition, an unsurprising conclusion given that the two provisions closely track each other's language. *Bailey,* 139 F.3d at 668.

In this case, however, we compare Arizona's endangerment statute not to United States Sentencing Guideline § 4B1.2, but to 18 U.S.C. § 16(b). These provisions differ in a significant way: Guideline § 4B1.2 requires a risk of "physical injury," whereas § 16(b) requires a risk of "physical force" being used. We have adopted *Black's Law Dictionary's* definition of "physical force," which is " '[f]orce applied to the body; actual violence.' " *United States v. Ceron–Sanchez,* 222 F.3d 1169, 1172 (9th Cir.2000) (quoting *Black's Law Dictionary* 1147 (6th ed. 1990)) (alteration in original).[3]

■ Endangerment under Arizona law is not, categorically, an aggravated felony because a "substantial risk of imminent death or physical injury" is not the same thing as a "substantial risk that physical force ... may be used," which is necessary under 18 U.S.C. § 16(b). Citing a commission report prepared prior to the enactment of Arizona's endangerment statute, the Arizona Supreme Court has explained

that the endangerment "statute was designed to punish such conduct as recklessly discharging firearms in public, pointing firearms at another, obstructing public highways, or abandoning life-threatening containers attractive to children." *Hinchey,* 799 P.2d at 357 (citing Arizona Revised Criminal Code, Commission Report 134 (1975)); *see also State v. Morgan,* 128 Ariz. 362, 625 P.2d 951, 955–56 (1981) (quoting the same language from the Commission Report).

Abandoning life-threatening containers that are attractive to children, meaning that the children might become trapped in the containers and thereby be hurt, does not create a risk that physical force or actual violence will be used against the children's bodies. We have noted that "involuntary manslaughter, by its nature, involves the death of another person, which is highly likely to result from violent force against that person." *Park v. INS,* 252 F.3d 1018, 1023 (9th Cir.2001). The same is not true for reckless endangerment. A child could die from being left in a closed car on a hot day or from climbing into a container containing a hazardous substance without any force or violence having been applied to the child. *See Dalton v. Ashcroft,* 257 F.3d 200, 207 (2d Cir.2001) ("There are many crimes that involve a substantial risk of injury but do not involve the use of force. Crimes of gross negligence or reckless endangerment, such as leaving an infant alone near a pool, involve a risk of injury without the use of force."); *see also Ye v. INS,* 214 F.3d 1128, 1133–34 (9th Cir.2000) (holding that burglarizing a car by gaining access through an open window, with a stolen key, or with a "slim jim" does not constitute applying physical force to the car).

---

**3.** The phrase "physical force" appears in both subsections (a) and (b) of § 16 and should be defined in the same way for both.

In this circuit, reckless conduct can satisfy § 16(b). *United States v. Trinidad–Aquino,* 259 F.3d 1140, 1144–46 (9th Cir. 2001). However, the sufficiency of the mens rea, as a general matter, does not resolve the question. For a crime based on recklessness to be a crime of violence under § 16(b), the crime must require recklessness as to, or conscious disregard of, a risk that physical force will be used against another, not merely the risk that another might be injured.[4]

Because not all conduct punishable under Arizona Revised Statutes § 13–1201 would constitute a crime of violence under 18 U.S.C. § 16(b), convictions under that statute are not, categorically, aggravated felonies under 8 U.S.C. § 1101(a)(43)(F). Accordingly, we reverse the district court's contrary decision.

■ When the statute of conviction does not facially qualify as an aggravated felony under federal sentencing law, *Taylor* allows "the sentencing court to go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of [the generic offense]." 495 U.S. at 602, 110 S.Ct. 2143. To that end, courts may examine the record for "documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes." *Rivera–Sanchez,* 247 F.3d at 908 (citation and internal quotation marks omitted). This inquiry is termed the "modified categorical approach." *Ye,* 214 F.3d at 1133.

■ However, on this record, we cannot—and do not—reach the question of whether Hernandez–Castellanos's endangerment conviction could qualify as an aggravated felony under *Taylor*'s modified categorical approach. The district court did not make such an analysis and the government has not urged it on appeal. Further, even if we were inclined to do so in the first instance, the record does not contain sufficient judicially noticeable facts to permit the analysis. *See United States v. Franklin,* 235 F.3d 1165, 1172–73 (9th Cir.2000) (holding that under the modified categorical approach, a presentence report, whether controverted or not, is not sufficient evidence of what elements were found by the jury or pled guilty to by the defendant). Thus, under these circumstances, a remand for resentencing is appropriate.

## III

Hernandez–Castellanos sought downward departures on the grounds that he had agreed to reinstatement of removal and participated in fast-track sentencing procedures, the guidelines overstated his criminal history, his felony endangerment conviction was not serious,[5] and he has culturally assimilated to the United States.

---

**4.** It is doubtful that Arizona's endangerment statute satisfies the final phrase of § 16(b), that there be a risk of physical force being used against another "in the course of committing the offense." The offense of felony endangerment is complete when the defendant engages in some conduct that could cause the imminent death of another, the conduct in fact creates such a risk as to a specific victim, and the defendant acted in conscious disregard of that risk. *See Doss,* 966 P.2d at 1015. Thus, while there may, in some circumstances, be a risk that physical force could be used *after* one has endangered another, there is little risk of physical force being used *in the course* of endangering another.

**5.** The parties dispute whether Hernandez–Castellanos adequately raised this suggested reason for departure in the district court. We need not decide this issue in light of our conclusion that, assuming he did raise it below, we nonetheless lack jurisdiction to review the district court's decision not to depart downward on this basis.

The district court granted a two-level downward departure for the first grounds but declined to depart downward on the other grounds.

 "[W]e lack jurisdiction to review a district court's discretionary decision not to depart downward from the sentencing guidelines." *United States v. Garcia–Garcia,* 927 F.2d 489, 490 (9th Cir.1991). The district court recognized that it could depart downward further than it did, on the other grounds advanced by Hernandez–Castellanos, but it declined to do so. This discretionary decision is unreviewable on appeal. *Id.*

**REVERSED IN PART; DISMISSED IN PART; REMANDED.**