**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Antonio DEAGUEROS–CORTES,**
**Defendant–Appellant.**

**No. 01–10614.**
**D.C. No. CR–01–00078–SRB.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2002.*

Decided June 14, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**517**

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

MEMORANDUM**

Antonio Deagueros–Cortes appeals the 48–month sentence imposed following his guilty-plea conviction for illegal re-entry in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 18 U.S.C. § 3742. We review sentencing issues raised for the first time on appeal for plain error. *See United States v. Randall,* 162 F.3d 557, 561 (9th Cir.1998). We reverse and remand for resentencing.

Deagueros–Cortes contends that the district court erred in imposing a 16–level upward adjustment under U.S.S.G. § 2L1.2(b)(1)(A) (1997) because his prior Arizona convictions for driving under the influence and attempted sexual assault were not aggravated felonies under 8 U.S.C. § 1101(a)(43).

Because Deagueros–Cortes only received a six-month sentence for the attempted sexual assault conviction, that offense does not qualify as an aggravated felony under § 1101(a)(43)(F) (1997) (requiring imposition of one year sentence for violent crimes). *See also Alberto–Gonzalez v. INS,* 215 F.3d 906, 910 (9th Cir.2000)

** This disposition is not appropriate for publication and may not be cited to or by the

(holding that the term of imprisonment as defined by 8 U.S.C. § 1101(a)(43)(f) (1997) refers "to the actual sentence imposed by the trial judge"). We have previously held that a prior California conviction for felony driving under the influence is not an aggravated felony conviction. *United States v. Trinidad–Aquino,* 259 F.3d 1140, 1146 (9th Cir.2001); *cf. United States v. Hernandez–Castellanos,* 287 F.3d 876, 881 (9th Cir.2002) (holding that Arizona offense of felony endangerment was not categorically an aggravated felony). As a result, the 16–level enhancement was plain error, and it had a substantial effect on Deaguerros–Cortes's sentence. Accordingly, we exercise our discretion to notice the error, and we reverse. *See United States v. Olano,* 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

REVERSED and REMANDED for RESENTENCING.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.