**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Raymond Eugene COTHARN, Defendant–Appellant.**

**No. 02–30241.**

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 20, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, REINHARDT, and GRABER, Circuit Judges.

**MEMORANDUM** **

Raymond Eugene Cotharn appeals the 216–month sentence imposed following his guilty plea conviction for one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's determination that a defendant is a career offender pursuant to U.S.S.G. § 4B1.1. *United States v. Riley*, 183 F.3d 1155, 1157 (9th Cir.1999). We affirm in part, and remand in part.

The district court properly determined that Cotharn is a career offender under U.S.S.G. § 4B1.1 because he has at least two prior felony convictions for controlled substance offenses. *See United States v. Sandoval–Venegas*, 292 F.3d 1101, 1106 (9th Cir.2002). The district court properly looked to the language of the statute to determine whether Cotharn's conviction of "criminal endangerment" under Montana Code Annotated § 45–5–207 involved a "serious risk of physical injury" and was, therefore, a crime of violence under U.S.S.G. § 4B1.1. *See United States v. Bailey*, 139 F.3d 667, 667–68 (9th Cir.1998) (holding that similar Arizona statute constituted a crime of violence).

Because Section 4B1.1 provides that a career offender's criminal history category in every case shall be Category VI, we do not address Cotharn's contentions that the district court miscalculated other aspects of Cotharn's criminal history points.

Cotharn further contends that the district court failed to provide a written

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

record of its determinations regarding Cotharn's objections to the presentence report, as required by Fed.R.Crim.P. 32(i)(3)(C). We conclude that the district court complied with the substantive requirements of Rule 32 in its rulings during the sentencing hearing and by adopting the presentence report and addendum. *See United States v. Fernandez–Angulo,* 897 F.2d 1514, 1517 n. 4 (9th Cir.1990) (en banc) (noting that district court complies with Rule 32 by fairly indicating its resolution of controverted matters). However, we remand to the district court with instructions to append a copy of the sentencing transcript to the presentence report. *See id.* at 1517.

**AFFIRMED in part, REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.