UNITED STATES of America,
Plaintiff—Appellee,

v.

Victor FLORES–MORENO,
Defendant—Appellant.

No. 03–10238.

D.C. No. CR–02–01847–FRZ.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 15, 2004.*

Decided Jan. 22, 2004.

Nathan D. Leonardo, Esq., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Leslie A. Bowman, Esq., Law Office of Leslie A. Bowman, Tucson, AZ, for Defendant–Appellant.

Before WALLACE, MCKEOWN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Flores–Moreno appeals from the sentence imposed pursuant to his conviction

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

for re-entry after deportation, 8 U.S.C. § 1326, as enhanced by 8 U.S.C. § 1326(b)(1) and the United States Sentencing Guidelines Manual (U.S.S.G.) § 2L1.2(b)(1)(A)(ii) (2002). 28 U.S.C. § 1291 provides us with jurisdiction, and we affirm.

We review the interpretation of the Sentencing Guidelines de novo. *United States v. Garcia,* 323 F.3d 1161, 1164 (9th Cir. 2003).

Section 2L1.2(b)(1) of the Sentencing Guidelines imposes a sixteen-level sentencing enhancement "[i]f the defendant previously was deported, or unlawfully remained in the United States, after --- (A) a conviction for a felony that is ... (ii) a crime of violence...." U.S.S.G. § 2L1.2(b)(1). Flores–Moreno maintained in his initial brief that only prior convictions meeting 8 U.S.C. § 1101(a)(43)(F)'s definition of an "aggravated felony" qualify for the sixteen-level enhancement. This argument has been foreclosed, as Flores–Moreno now concedes, by our decision in *United States v. Pimentel–Flores,* 339 F.3d 959 (9th Cir.2003). *Id.* at 963 ("We hold that under United States Sentencing Guideline § 2L1.2, amended as effective November 1, 2001, a 'crime of violence' needed only to be a 'felony' as defined in the application notes–and not an 'aggravated felony' as statutorily defined–to qualify for a 16–level enhancement.").

Flores–Moreno also challenges the district court's refusal to depart downward a full four levels for Flores–Moreno's "fast-track" plea. *See* U.S.S.G. § 5K2.0. "We may review a decision not to depart only where it was based on a mistaken belief that the court had no authority to depart." *United States v. Estrada–Plata,* 57 F.3d 757, 761–62 (9th Cir.1995). The record is clear that "the district court did not indicate any belief that departure was prevented as a matter of law, but found that there was insufficient basis for the departure." *United States v. Romero,* 293 F.3d 1120, 1127 (9th Cir.2002). The district court's "discretionary decision is unreviewable on appeal." *United States v. Hernandez–Castellanos,* 287 F.3d 876, 882 (9th Cir.2002).

AFFIRMED.