## UNITED STATES of America, Plaintiff—Appellee,

v.

## Antonio ESPINOZA–GARCIA, aka Antonio Espinosa–Garcia, Defendant—Appellant.

### No. 03–10099.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 15, 2004.*

Decided Jan. 22, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Christina M. Cabanillas, Melinda K. Mendes, USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Leslie A. Bowman, Esq., Law Office of Leslie A. Bowman, Tucson, AZ, for Defendant–Appellant.

Before: WALLACE, McKEOWN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Espinoza–Garcia appeals from the sentence imposed pursuant to his guilty plea for illegal re-entry after deportation, 8 U.S.C. § 1326, as enhanced under 8 U.S.C. § 1326(b)(1) and United States Sentencing Guidelines Manual (U.S.S.G.) section 2L1.2(b)(1)(A)(ii) (2002). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ The interpretation and application of the Sentencing Guidelines is reviewed de novo. *United States v. Garcia,* 323 F.3d 1161, 1164 (9th Cir.2003). The district court's application of the Guidelines to the facts of a particular case is reviewed for an abuse of discretion. *United States v. Technic Servs., Inc.,* 314 F.3d 1031, 1038 (9th Cir.2002).

Sentencing Guidelines section 2L1.2(b)(1) imposes a sixteen-level sentencing enhancement "[i]f the defendant previously was deported, or unlawfully remained in the United States, after– (A) a conviction for a felony that is ... (ii) a crime of violence...." U.S.S.G.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 2L1.2(b)(1). Espinoza–Garcia's prior state law conviction meets both the definitions of "felony" and "crime of violence" found in section 2L1.2's Application Notes. "Assault in the third degree is a Class C felony" under Oregon law, OR.REV.STAT. § 163.165(2), punishable by up to five years in prison, *id.* § 161.605, and thus a "felony" for purposes of section 2L1.2, U.S.S.G. § 2L1.2, cmt. n. 1(B)(iv) (defining "felony" as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year"). Each subsection in Oregon's assault in the third degree provision "has as an element the use, attempted use, or threatened use of physical force against the person of another;" and therefore satisfies one of section 2L1.2's two alternative definitions of a "crime of violence." U.S.S.G. § 2L1.2, cmt. n. 1(B)(ii); *see also* OR.REV.STAT. § 163.165; *United States v. Pereira–Salmeron,* 337 F.3d 1148, 1151 (9th Cir.2003). We have already rejected Espinoza–Garcia's argument that only a prior conviction for an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F) qualifies for section 2L1.2(b)(1)(A)'s sixteen-level enhancement. *United States v. Pimentel–Flores,* 339 F.3d 959, 963 (9th Cir.2003).

■ Espinoza–Garcia challenges the refusal of the district court to depart downward three levels for his "fast-track" plea. *See* U.S.S.G. § 5K2.0. However, "[w]e may review a decision not to depart only where it was based on a mistaken belief that the court had no authority to depart." *United States v. Estrada–Plata,* 57 F.3d 757, 761–62 (9th Cir.1995). The record indicates the district court acknowledged its authority to depart but declined to do so. The court's "discretionary decision is unreviewable on appeal." *United States v. Hernan-*

*dez–Castellanos,* 287 F.3d 876, 882 (9th Cir.2002).

AFFIRMED.