**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jose Gabriel GRIMALDO–TAVAREZ,
Defendant—Appellant.**

**No. 03–10462.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2004.*

Decided Jan. 26, 2004.

Fed. R.App. P. 34(a)(2).

William L. Sims, Fresno, CA, for Plaintiff–Appellee.

Robert W. Rainwater, AFPD, Fresno, CA, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, TALLMAN, and CALLAHAN, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

MEMORANDUM **

Appellant Grimaldo–Tavarez, formerly a legal permanent resident in the United States pled guilty to, and was convicted of, being a deported alien in the United States in violation of 8 U.S.C. § 1326 and was sentenced to 18 months imprisonment. His guilty plea was conditioned on retaining his right to the present appeal challenging the district court's denial of his motion to dismiss the indictment and its calculation of his sentence.

■ Appellant argues that his current indictment should be dismissed because the July 2001 deportation order that supported it was obtained in violation of his due process rights under the Fifth Amendment. He contends that the Immigration Judge gave him erroneous legal advice. He seeks to attack the decision despite his waiver of the right to appeal.

He relies on *United States v. Ahumada–Aguilar,* 295 F.3d 943 (9th Cir.2002), in which this court held that an alien's waiver of his right to appeal that is based upon an IJ's erroneous advice is not knowing and intelligent. *Id.* at 950. His reliance on *Ahumada–Aguilar* is misplaced, however, because in this case the IJ gave no advice, but rather properly explained the rationale for her decision. The district court properly found that Tavarez's plea was knowing and intelligent.

■ Appellant also challenges the eight level sentence enhancement resulting from the district court's determination that his prior California conviction was an aggravated felony. Appellant was convicted of violating Cal.Penal Code § 452 by causing a fire in an apartment occupied by his estranged wife and served a year in prison.

Because this statute criminalizes some conduct that would not be a crime of violence, he claims his was not a crime that by its nature involves a substantial risk of violence within the meaning of 18 U.S.C. § 16. *See United States v. Hernandez–Castellanos*, 287 F.3d 876, 881 (9th Cir. 2002). Under the modified categorical approach, however, we may look beyond the statutory elements of the crime to the record in this case for "documentation or judicially noticeable facts" that establish that the conviction was for conduct involving force or violence. *Id.* at 879 (internal citations omitted). Although none was available in *Hernandez–Castellanos,* the record before us includes the pre-sentence report, with a description of Tavarez's conduct that is not disputed. We agree with the district court that on this record the offense conduct clearly meets the definition of 18 U.S.C. § 16(b).

AFFIRMED.