UNITED STATES of America, Plaintiff–Appellee,

v.

Adam Daniel MATWYUK, Defendant–Appellant.

No. 04–50490.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Filed June 16, 2006.

David P. Curnow, Esq., United States Attorney, San Diego, CA, for Plaintiff–Appellee.

Marc B. Geller, Esq., San Diego, CA, for Defendant–Appellant.

Before: FERNANDEZ, KLEINFELD, and BERZON, Circuit Judges.

MEMORANDUM **

Adam Daniel Matwyuk appeals from the 60–month sentence imposed following his guilty plea to importation of marijuana in violation of 21 U.S.C. §§ 952 and 960. The district court imposed this sentence on remand from this court after this court held that the district court erred in concluding that it lacked the legal authority to grant a downward departure under U.S.S.G.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

§ 5K2.0 based on Matwyuk's "fast-track" plea. We have jurisdiction under 28 U.S.C. § 1291.

Matwyuk contends that the district court erred by failing to adequately state its reasons for imposing his sentence under 18 U.S.C. § 3553(c)(1). We are precluded from considering these contentions under the law of the case doctrine. *See United States v. Smith*, 389 F.3d 944, 948 (9th Cir.2004).

Matwyuk contends the district court erred by failing to impose a two-level downward departure for his "fast-track" plea under U.S.S.G. § 5K2.0. "We may review a decision not to depart only where it was based on a mistaken belief that the court had no authority to depart." *United States v. Estrada–Plata*, 57 F.3d 757, 761–62 (9th Cir.1995). The record demonstrates that on remand from this court, "the district court did not [believe] that departure was prevented as a matter of law, but found that there was insufficient basis for the departure." *United States v. Romero*, 293 F.3d 1120, 1127 (9th Cir. 2002). The district court's "discretionary decision is unreviewable on appeal." *United States v. Hernandez–Castellanos*, 287 F.3d 876, 882 (9th Cir.2002).

The Government contends that the panel is barred by the limited scope of the mandate on remand from reviewing any issue not relating to the fast-track departure. However, Matwyuk's *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), challenge falls within the intervening controlling authority exception to the mandate rule and the law of the case doctrine. *See United States v. Bad Marriage*, 439 F.3d 534, 538 (9th Cir. 2006).

Matwyuk contends that the district court's determination that he was a career offender due to his two prior convictions of robbery under California Penal Code

§ 211 was unconstitutional under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We reject this argument. *See United States v. Von Brown*, 417 F.3d 1077, 1079 (9th Cir.2005) ("[t]he categorization of a prior conviction as a violent felony or a crime of violence is a legal question, not a factual question coming within the purview of *Apprendi, Blakely,* and *Booker*").

However, because Matwyuk was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the district court for further proceedings consistent with *United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir. 2005) (en banc). *See United States v. Moreno–Hernandez*, 419 F.3d 906 (9th Cir.2005).

**REMANDED.**