**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jacobo LOMELI–AVALOS,**
**Defendant–Appellant.**

No. 06–10191.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2006.*

Filed Dec. 12, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert A. Bork, Esq., USLV–Office of the U.S. Attorney Lloyd George Federal Bldg., Las Vegas, NV, for Plaintiff–Appellee.

Rene L. Valladares, Esq., FPDNV–Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: T.G. NELSON, GOULD, and CALLAHAN, Circuit Judges.

## MEMORANDUM [**]

Jacobo Lomeli–Avalos appeals the district court's denial of his motion to dismiss the indictment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court properly held that Lomeli–Avalos's 2002 conviction for assault with a deadly weapon was pursuant to a statute that satisfies the definition of an aggravated felony provided by 18 U.S.C. § 16. The deadly nature of the weapon with which the assault is committed [1] necessarily implies the danger of physical force.[2] The intent requirement in the statute [3] insures that a defendant intends to evoke the victim's fear. Accordingly, the district court properly rejected Lomeli–Avalos's collateral attack on the 2003 deportation and, correspondingly, properly denied his motion to dismiss the indictment.

AFFIRMED.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Nev.Rev.Stat. § 200.471(2)(b).

2. Cf. United States v. Hernandez–Castellanos, 287 F.3d 876, 880–81 (9th Cir.2002) (holding that a statute covering conduct that does not necessarily involve the risk or use of force did not categorically satisfy the definition of an aggravated felony).

3. NEV.REV.STAT. § 200.471(1)(a).