UNITED STATES of America,
Plaintiff–Appellee,

v.

Gregory Anthony RENDON–DUARTE,
Defendant–Appellant.

No. 06–30200.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2006.

Filed March 21, 2007.

Allison Mendel, Mendel & Associates, Anchorage, AK, for the defendant-appellant.

Jo Ann Farrington, Assistant U.S. Attorney and Deborah M. Smith, Acting U.S. Attorney, Anchorage, AK, for the plaintiff-appellee.

Before B. FLETCHER and McKEOWN, Circuit Judges, and WILLIAM W. SCHWARZER,* District Judge.

SCHWARZER, District Judge.

Gregory Anthony Rendon–Duarte (Rendon–Duarte) was sentenced to 70 months' imprisonment and 36 months' supervised

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

release after a jury convicted him of one count of being a felon in possession of two firearms, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). On appeal, he challenges the district court's admission of evidence under Federal Rule of Evidence 404(b) of two prior incidents of gun possession to prove intent, knowledge and lack of mistake. He also challenges the district court's finding that his prior Alaska state court conviction of Assault in the Third Degree qualifies as a "crime of violence" under the Sentencing Guidelines. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

On September 1, 2005, Anchorage police officers observed Rendon–Duarte purchase what they thought was a handgun from Dwayne Dollison, Jr. (Dollison). The officers then observed Rendon–Duarte return to the passenger seat of his vehicle, lean over in the area of the passenger seat, and appear to move something on the floor. A few minutes later police stopped the vehicle, which was being driven by Jonel Fergerson, Rendon–Duarte's girlfriend. Police arrested Rendon–Duarte and, pursuant to a search warrant, recovered two loaded handguns from under the vehicle's floor carpet in front of the front passenger seat. The vehicle was registered to Rendon–Duarte's father, who testified that he had bought it for his son a few months earlier. Fergerson, at Rendon–Duarte's request, claimed ownership of the weapons, but at trial she acknowledged that the weapons did not belong to her and that she had not placed them in the vehicle.

Prior to trial, the district court denied Rendon–Duarte's motion in limine to bar evidence of two prior occasions on which weapons were found within vehicles driven or occupied by Rendon–Duarte, finding these incidents relevant to Rendon–Duarte's knowledge, intent, or absence of mistake. After a three-day trial, the jury found Rendon–Duarte guilty of being a felon in possession of two firearms. The Presentence Report (PSR) calculated an offense level of 20, taking into account that the offense was committed subsequent to sustaining a felony conviction of a "crime of violence," i.e., a prior Alaska conviction of Assault in the Third Degree. See U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (felon in possession of a firearm). Rendon–Duarte did not object to the PSR. In the absence of objection, the district court accepted the facts stated in the PSR as established by a preponderance of the evidence. Concluding Rendon–Duarte fell within the Guidelines' range of 63–78 months' imprisonment, the court imposed a sentence of 70 months.

## DISCUSSION

### I.

Federal Rule of Evidence 404(b) limits the admissibility of evidence of prior acts to those which serve as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." We use a four-part test to determine the admissibility of evidence under Rule 404(b). *United States v. Arambula–Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993).

> (1) it must prove a material element of the offense for which the defendant is now charged; (2) in certain cases, the prior conduct must be similar to the charged conduct; (3) proof of the prior conduct must be based upon sufficient evidence; and (4) the prior conduct must not be too remote in time.

*Id.* We need address only the first part of the test.

The government offered "bad act" testimony from two police officers. Sergeant Kass testified that in June 2003, in connec-

tion with a traffic stop of a vehicle in which Rendon–Duarte was riding, two weapons were found stashed in the cover of the sunroof of the car. Lieutenant Gilliam testified that in March 2001, when a car driven by Rendon–Duarte was checked following an accident, a weapon and shell casings were found on the floorboard of the driver's seat below where Rendon–Duarte had been sitting. The jury was instructed that it could consider this evidence "only as it bears on defendant's intent, knowledge, absence of mistake or accident, and for no other purpose."

■ The district court held the evidence admissible, finding a sufficient nexus between these incidents and the conduct with which Rendon–Duarte was charged. It noted that the presence of the guns in the vehicles within easy reach of Rendon–Duarte was probative of absence of mistake as well as plan. We review the district court's evidentiary rulings for abuse of discretion, considering whether the lower court based its decision on relevant factors and whether there was a clear error of judgment. *United States v. Alvarez,* 358 F.3d 1194, 1205 (9th Cir.2004).

■ Rendon–Duarte argues that the prior-act testimony was improperly admitted because "there is no 'logical connection' between the crime to be proved and the prior bad acts other then [sic] propensity to possess guns, an impermissible purpose." We have held that "the government … bears the burden of proving a logical connection between appellant's purported involvement in the previous [act] and a material fact at issue in the crime with which he was charged." *United States v. Mayans,* 17 F.3d 1174, 1183 (9th Cir.1994). The material fact at issue here was whether Rendon–Duarte had knowledge of and intent to possess the weapons found in his vehicle. The evidence of the prior acts established only that weapons were found in the cars he drove or rode in.

The government's reliance on *United States v. Jernigan,* 341 F.3d 1273 (11th Cir.2003), is misplaced. There, the court stated:

> [T]he caselaw in this and other circuits establishes clearly the logical connection between a convicted felon's *knowing* possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental.)

341 F.3d at 1281 (emphasis added). Because there was no evidence that Rendon–Duarte had knowing possession of the weapons at issue here, the admission of the prior-act testimony was an abuse of discretion.

■ The error was harmless, however, in light of the overwhelming evidence of Rendon–Duarte's guilt. The officers' testimony established that Rendon–Duarte purchased a firearm from Dollison, placed the firearm in his waistband, returned to his vehicle, and sat down in the front passenger seat. When police stopped the car a few minutes later, they found two firearms under the floorboards in front of the passenger-side seat. Rendon–Duarte gave the officers a false name and birth date, and he sought to persuade his girlfriend to falsely claim that the guns were hers. In light of this uncontradicted evidence, it is more probable than not that any error did not materially affect the verdict. *See United States v. Morales,* 108 F.3d 1031, 1040 (9th Cir.1997).

## II.

At sentencing, the district judge accepted the PSR and its recommendation of a base offense level of 20 without objection. The PSR arrived at this level by classifying Rendon–Duarte's prior Alaska conviction for Assault in the Third Degree as a "crime of violence" under section 4B1.2(a)

of the Sentencing Guidelines. The PSR included a factual description of the conduct underlying the prior conviction, but it did not cite the Alaska statute. Rendon–Duarte argues Assault in the Third Degree under Alaska law does not qualify as a "crime of violence" under the Guidelines and that the district judge committed plain error when he relied solely on the facts recited in the PSR to determine Rendon–Duarte's prior conviction was a "crime of violence."

■ Rendon–Duarte did not challenge the PSR at sentencing, and thus review of the district judge's application of the Guidelines is for plain error. Fed. R.Crim.P. 52(b); *United States v. Ortiz,* 362 F.3d 1274, 1278 (9th Cir.2004). "There must be an 'error' that is 'plain' and that 'affect[s] substantial rights.'" *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Rendon–Duarte bears the burden of demonstrating that the error prejudiced his rights. *Id.* at 734, 113 S.Ct. 1770. Further, "the court should not exercise [its discretion to correct the error] unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 732, 113 S.Ct. 1770 (internal quotation marks and citation omitted).

The Guidelines define a "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) ... involves conduct that presents a serious potential risk of physical injury to another.

U.S. Sentencing Guidelines Manual § 4B1.2(a)(1) & (2) (2005). In determining whether the Alaska statute qualifies, we use the categorical approach announced in *Taylor v. United States,* 495 U.S. 575, 602,

110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Under the categorical approach a court must "look only to the fact of conviction and the statutory definition of the prior offense" when determining whether the offense qualifies under a definition in the Guidelines. *Taylor,* 495 U.S. at 602, 110 S.Ct. 2143.

■ The Government failed to provide the statute of conviction, and the judge relied solely on the facts recited in the PSR. This was error. *See United States v. Pimentel–Flores,* 339 F.3d 959, 967 (9th Cir.2003) ("Under *Taylor* ... the actual statute of prior conviction must be supplied to the district court by the government whether or not anyone objects to its absence."). In *Pimentel–Flores,* we held it was plain error for the district court to rely solely on the factual description in the PSR. *Id.* at 968. The district judge committed the same error in this case, and under *Pimentel–Flores* this error was plain. *See id.*

■ While we conclude that the district court committed plain error, we find that the error did not affect Rendon–Duarte's substantial rights. Rendon–Duarte admits that his conviction was for violation of Alaska Statute section 11.41.220(a)(1)(A), which provides:

> (a) A person commits the crime of assault in the third degree if that person (1) recklessly (A) places another person in fear of imminent serious physical injury by means of a dangerous instrument.

Rendon–Duarte does not argue that the full range of conduct criminalized by the state statute exceeds the scope of the Guidelines. *Cf. United States v. Baza–Martinez,* 464 F.3d 1010, 1014 (9th Cir. 2006). On the contrary, his argument is that a violation of the state statute does not satisfy the definition of crime of violence under section 4B1.2(a)(1). Under that subsection of the Guidelines, a crime of violence must have an element of the

use of physical force against another person. The state statute, he argues, requires only recklessness, not actual use or threat of force.

█ The argument overlooks subsection (2) of section 4B1.2(a), which defines crime of violence in the alternative as "any offense ... that ... involves conduct that presents a serious potential risk of physical injury to another." This closely tracks the Alaska statute's description of conduct "plac[ing] another person in fear of imminent serious physical injury by means of a dangerous instrument."[1] *See United States v. Bailey,* 139 F.3d 667, 668 (9th Cir.1998). Whether the conduct was reckless or not has no bearing on the applicability of subsection (2) of the Guidelines.

Because a conviction under the Alaska statute qualifies clearly as a crime of violence under section 4B1.2(a)(2), the district court's error did not substantially affect Rendon–Duarte's rights.

**AFFIRMED.**

---

1. Dangerous instrument is defined as "any deadly weapon or anything that, under the circumstances in which it is used, attempted to be used, or threatened to be used, is capable of causing death or serious physical injury." Alaska Stat. § 11.81.900(b)(15)(A).